UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
KATHLEEN MELLON, *individually and on behalf of all others similarly situated*,

                Plaintiff(s),

                - against -

                17-cv-2695 (ADS)(ARL)

MONARCH RECOVERY MANAGEMENT, INC..

                Defendant.
---------------------------------------------------------------------x
---------------------------------------------------------------------x
JAMES CARUSO, *individually and on behalf of all others similarly situated*,

                Plaintiff(s),

                - against -

                17-cv-2710 (ADS)(SIL)

MONARCH RECOVERY MANAGEMENT, INC..

                Defendant.
---------------------------------------------------------------------x
---------------------------------------------------------------------x
KRISTINE M. FARRELL, *individually and on behalf of all others similarly situated*,

                Plaintiff(s),

                - against -

                17-cv-2741 (ADS)(SIL)

MONARCH RECOVERY MANAGEMENT, INC..

                Defendant.
---------------------------------------------------------------------x

**APPEARANCES:**

**Barshay Sanders, PLLC**
*Attorney for the Plaintiffs*
100 Garden City Plaza
Suite 500
Garden City, NY 11530
       By:    David M. Barshay, Esq.,
               Craig B. Sanders, Esq.,
               Jonathan Mark Cader, Esq., of Counsel

**Marshall Dennehey Warner Coleman & Goggin**
*Attorneys for the Defendant*
88 Pine St
21st Floor
New York, NY 10005
       By:    Joseph Adam Hess, Esq., of Counsel

## MEMORANDUM OF DECISION AND ORDER

**SPATT, District Judge:**

These three actions were brought by the Plaintiffs against the Defendant Monarch Recovery Management, Inc. ("Monarch"). The Plaintiffs all allege that Monarch violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

Presently before the Court is a motion by Monarch to dismiss the complaints in *Caruso v. Monarch Recovery Mgmt., Inc.*, 17-cv-2710, and *Farrell v. Monarch Recovery Mgmt., Inc.*, 17-cv-2741; or to stay the actions pending the outcome of *Mellon v. Monarch Recovery Mgmt., Inc.*, 17-cv-2695; or to consolidate all three actions. Monarch also asks that the Court award attorneys' fees to it pursuant to 15 U.S.C. § 1692(k), and impose sanctions on the Plaintiffs for bringing duplicative cases pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 11.

For the following reasons, Monarch's motion is granted to the extent that the cases are consolidated. The motion is denied in all other respects.

# I. BACKGROUND

On May 4, 2017, the Plaintiff Kathleen Mellon ("Mellon"), individually and on behalf of all others similarly situated, filed her complaint against Monarch (the "Mellon action").

On May 4, 2017, the Plaintiff James Caruso ("Caruso"), individually and on behalf of all others similarly situated, filed his complaint against Monarch (the "Caruso action").

On May 5, 2017, the Plaintiff Kristine M. Farrell ("Farrell"), individually and on behalf of all others similarly situated, brought an action against Monarch alleging that it violated the FDCPA (the "Farrell action").

On June 20, 2017, Monarch filed a motion in the Caruso action asking the Court to dismiss, stay or consolidate the Caruso action with the other above actions.

The allegations in each of the actions pertain to debt collection letters sent by Monarch to collect on debts allegedly owed by the Plaintiffs to Synchrony Bank, who is not a party to any of these actions. The allegations in each of the actions are identical, except for references to the named Plaintiffs, and the precise debts owed. Similarly, the letters which form the basis of the allegations are identical, except for references to the named Plaintiff. Each of the actions are putative class actions, and the proposed class definition in each initial complaint is identical, namely:

> Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

(Compls. ¶ 54).

On June 2, 2017, the Plaintiffs filed amended complaints in their respective actions. The allegations in the amended complaints are substantially the same, except that the proposed putative class definitions differ.

The amended complaint in the Mellon action proposes to define the putative class as follows:

> Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom **Defendant attempted to collect a consumer debt incurred on an AEO, Inc. Visa Card underwritten by Synchrony Bank, where, as here, the terms and conditions of the AEO, Inc. Visa Card underwritten by Synchrony Bank provide for continued interest and late fees**, from one year before the date of this Complaint to the present.

(Am. Compl. ¶ 85 (emphasis added)).

The amended complaint in the Caruso action proposes to define the putative class as follows:

> Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom **Defendant attempted to collect a consumer debt incurred on a PayPalExtras MasterCard underwritten by Synchrony Bank, where, as here, the terms and conditions of the PayPalExtras MasterCard underwritten by Synchrony Bank provide for continued interest and late fees**, from one year before the date of this Complaint to the present.

(Am. Compl. ¶ 85 (emphasis added)).

The amended complaint in the Farrell action proposes to define the putative class as follows:

> Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom **Defendant attempted to collect a consumer debt incurred on a on a TJX Rewards Master Card underwritten by Synchrony Bank, where, as here, the terms and conditions of the incurred on a on a TJX Rewards Master Card underwritten by Synchrony Bank** provide for continued interest and late fees, from one year before the date of this Complaint to the present.

(Am. Compl. ¶ 113 (emphasis added)).

Each of the amended complaints asserts causes of action for violations of 15 U.S.C. §§ 1692(e) and 1692(g).

3

## II.  DISCUSSION

### A.  As to Monarch's Motion to Consolidate

Rule 42 provides, in relevant part, that:

If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

Rule 42 provides courts with broad discretion to determine whether to consolidate two or more actions to "avoid unnecessary costs or delay." *Johnson v. Celotex,* 899 F.2d 1281, 1284 (2d Cir. 1990). The Court must balance the benefits gained in judicial efficiency with the possible prejudice and confusion that would result from the consolidation. *Id.* The burden is on the moving party to prove that consolidation is warranted. *See Solvent Chem. Co. v. E.I. Dupont De Nemours & Co.,* 242 F. Supp. 2d 196, 221 (W.D.N.Y. 2002). The moving party must prove that the two actions are based on common questions of law or fact and that considerations of efficiency outweigh any prejudice or confusion that might result from consolidation. *See Johnson,* 899 F.2d at 1284–85 (quoting *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985)); *Quintel Corp., N. v.. v. Citibank, N.A.,* 100 F.R.D. 695, 697 (S.D.N.Y. 1983).

"Consolidation is generally appropriate as long as any prejudice, such as delay and inconvenience, does not outweigh efficiency concerns." *Ocean Ships, Inc. v. Stiles*, No. 00 CIV. 5469 (RCC), 2003 WL 22741457, at *3 (S.D.N.Y. Nov. 19, 2003) (citing *Primavera Familienstiftung v.. Askin,* 173 F.R.D. 115, 129 (S.D.N.Y.1997)). Accordingly, efficiency concerns should only be defeated by issues of paramount concern for a fair and impartial trial. *See Malcolm v. Nat'l Gypsum Co.,* 995 F.2d 346, 350 (2d Cir. 1993); *Johnson,* 899 F.2d at 1285.

Here, the Court finds that there are questions of law and fact common to each of the cases. The allegations in each case stem from the same form letter, and grow out of debts owed to the same bank; and the causes of action are brought pursuant to the same sections of the FDCPA. The only difference in the three actions is the type of credit card issued to the Plaintiffs. In each of the actions, the debt was owed to Synchrony Bank because Synchrony Bank underwrote the credit cards.

There is no evidence that there will be any resulting confusion or prejudice if the cases are consolidated. The three named Plaintiffs can remain as named Plaintiffs; the same attorneys represent the parties in each of the actions; and the cases are all at the same stage of litigation.

The Plaintiffs' sole response to Monarch's argument appears to be that this Court could track the cases together, and could ensure that there would not be inconsistent judgments. The Court sees no reason to deal with three duplicative sets of future motions in each case. Furthermore, as each case is a putative class action, the Court fails to see why these cases should not be consolidated. As the initial complaints in each of the actions state,

> The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

(Compl. ¶ 59). The Court sees no reason why this argument does not apply with equal weight in considering whether the cases should be consolidated.

Therefore, as there are questions of law and fact common to all three cases, and the benefits of efficiency far outweigh any possible prejudice, the Court finds that the three cases should be consolidated. Accordingly, Monarch's motion to consolidate the cases is granted, and the Court need not address whether the two later-filed cases should be stayed or dismissed. The Court not

need address the motion to dismiss or stay those actions because the Defendant's motion to stay or dismiss those actions was based on concerns about duplicative litigation. Because the cases are proceeding as a single suit, the basis for those concerns no longer exists.

**B. As to Monarch's Request for Sanctions and Attorneys' Fees**

Monarch moves for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), and for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 ("Section 1927").

If the court finds that an action under the FDCPA "was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). A "[d]efendant "must provide evidence of *plaintiff's* bad faith (as opposed to counsel's bad faith) and proof that the suit was instituted for the purpose of harassment." *Hasbrouck v. Arrow Financial Services LLC,* No. 1:09-CV-748 (MAD/RFT), 2011 WL 1899250, at *7 (N.D.N.Y. May 19, 2011) (internal citation omitted).

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In this Circuit, courts have held that "sanctions may be imposed pursuant to § 1927 'only when there is a finding of conduct constituting or akin to bad faith.'" *Konits v. Karahalis,* 409 Fed. Appx. 418, 423 (2d Cir. 2011) (quoting *In re 60 E. 80th St. Equities, Inc.,* 218 F.3d 109, 115 (2d Cir. 2000) (internal alterations omitted)). The Second Circuit has held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991).

The Court finds that Monarch has not met its burden in showing that the Plaintiffs engaged in bad faith. Indeed, the Defendant's argument is that counsel for the Plaintiffs engaged in bad faith. Therefore, attorneys' fees are improper.

Similarly, the Court finds that counsel for the Plaintiffs has not engaged in bad faith. While the Court is troubled by counsel's filing of duplicative cases in this instance, the Court does not find that it rises to the level of bad faith. Counsel is cautioned that, in the future, cases that arise out of the same facts and circumstances, such as the same form debt collection letter, should be filed as a single case.

### III. CONCLUSION

For the reasons stated above, the Defendant's motion is granted to the extent that the three actions are consolidated. It is denied in all other respects. The Clerk of the Court is respectfully directed to consolidate the three cases under case number 17-cv-2695 (ADS)(ARL), and to amend the official caption for that case to reflect the following:

```
-------------------------------------------------------------------------x
KATHLEEN MELLON, JAMES CARUSO, KRISTINE
M. FARRELL, individually and on behalf of all others
similarly situated,

                    Plaintiff(s),

                  - against -                                17-cv-2695 (ADS)(ARL)

MONARCH RECOVERY MANAGEMENT, INC..

                    Defendant.
-------------------------------------------------------------------------x
```

This case is respectfully referred to Magistrate Judge Arlene R. Lindsay for discovery.

**SO ORDERED:**

Dated: Central Islip, New York

October 17, 2017

                                              */s/ Arthur D. Spatt*

                                          ARTHUR D. SPATT

                                          United States District Judge